Next case is Ida Dickens v. Secretary of Veterans Affairs, 2015-7022, Mr. Stoltz. Good morning, Your Honors, and may it please the Court. The Veterans Court in this case erred when it excused the Board's failure to comply with the Secretary's regulation mandating that the Board suggest helpful evidence. The Court excused the requirement that under 38 CFR Section 3.103C2, it requires VA to fully explain the issues and suggest a submission of evidence which the claimant may have overlooked and which would be of advantage to the claimant's position. Are we dealing with an issue of application of law to fact here? No, Your Honor. You're saying the Veterans Court excused the Board's failure to explain everything to Mr. Dickens and after that his widow. Isn't that application of law to fact? No, because there's a regulation here that is clear and clearly it puts upon VA these legal duties and it's clearly articulated in the actual regulation. It's not really an application of law to fact. It's an interpretation of 3.102. In fact, at Joint Appendix 121, the Board of Veterans Appeals in the decision that went up to the Veterans Court articulated that it understood 3.103C and then shifted a burden over to Ms. Dickens to affirmatively plead it or affirmatively raise it or something like that. That's a misinterpretation of law. In this case, I was looking at it. I've got all these stickies here and this DD 214 question, how could anybody not know that that was a requirement? If you look at the correspondence going back and forth between the Dickens, both Mr. and Mrs. and the VA, it's clear that everybody knew that this had to be provided. I think that gets into the factual situation here. We would urge the court to reverse the Veterans Court's legal error that's about one sentence in its decision. What do you say is the legal error exactly? The legal error is at page four of the Joint Appendix where the Veterans Court just cited to Carter and said, you didn't talk about 3.103 and the joint motion for remand so you can't bring it up now. That's a legal error because that is extending this issue exhaustion idea to something that was reasonably before the Board of Veterans' Appeals. More importantly than that, it's a legal requirement of VA. That's the legal error. To answer your Honor's questions about the factual situation, that's precisely why regulations... I'm sorry, let me get that sentence again then at page four of the Appendix. I will follow along with you. Page four of the Appendix. Four of the Joint Appendix and four of the decision too actually. Under hearing officer's duties, the paragraph begins, at the outset the court recognizes. Then on down it says, Mrs. Dickens, who was represented by counsel, did not raise this issue in the September 2012 joint motion for remand. If Mrs. Dickens believed that the October 2011 hearing officer committed an error in a 2011 hearing, she should have raised that issue for inclusion in the terms of the September 2012 joint motion for remand. That is a legal error. There is no pleading requirement that something that VA is required to do, indeed something that VA recognized it was required to do, needed to be specifically pled in that joint motion for remand. This gets back to I think the question we were asking your colleague. If there is a limited joint motion to remand and the board isn't required to address certain issues, then isn't it issue preclusion if that issue isn't raised by the veteran or the claimant here? No, because in a joint motion for remand, when the court vacates the whole decision, and I can get into my point. Can I ask you? I actually want you to clarify a factual thing for me because I'm not quite sure what happened here. On remand, did she argue specifically to the board that the VA violated this duty to inform her and specifically say the hearing officer failed to tell her she needed to get to court? No. She didn't make that argument until back at the veterans court? Correct, Your Honor. That's my understanding of the record as well, Your Honor. Why is it? This to me seems to fall within the classic issue preclusion rule because you're making a legal argument for the first time on appeal. If we accept, and I know you all want us to get rid of issue preclusion, but let's assume we're not going to. If we accept that, doesn't this fall on the okay line, whereas your colleague's case may fall on the not okay line? No, this also falls on the not okay line. The reason it falls on the not okay line is, Your Honor, is going down the line of reasoning that the Department of Veterans Affairs is using that Ms. Dickens has to raise this duty that VA has. There's a clear misunderstanding. But that's the implication of issue preclusion, isn't it? In this context, Your Honor, no. Because issue preclusion, all of these cases that were cited, well, most, not all, but a lot of the cases that were cited here dealt with situations outside of this proclaimant and paternalistic, if you will, veterans context, where the Department of Veterans Affairs itself possesses these, not possesses, is mandated these duties. I don't disagree with that. If this were a direct appeal, that would be fine. But assuming we allow issue preclusion in these remand cases, it seems like your position here would limit it to almost no circumstances whatsoever because this seems precisely the kind of case where you would have issue preclusion, where you have a board decision. You go up to the veterans court. It gets remanded for a variety of reasons. It goes back. And on appeal the second time, you raise an entirely new legal argument that's never been heard by the board below. When else would you, if that's not issue preclusion, what is? Because this is not a new legal argument. The legal argument here, the issue was squarely before the board. But let's assume it is. If it is, is that a grounds for issue preclusion? Well, under Majid, it would be. But I believe that Scott is instructive here. And Scott has a weighing, and it goes through this, and it cites Majid and Comer and Roberson, all of these things. And so we wouldn't be up here to eviscerate Scott. We understand that's controlling precedent. And Scott says that if you've got this procedural issue, all right, that can be subject to issue preclusion. Majid discusses the legal issue idea. What Ms. Dickens has here is not a legal issue. What Ms. Dickens has here falls on what Scott discussed, which is the evidence-gathering part of the line. There's the whole part of the Scott discussion that talks about evidentiary. But I thought you agreed that the error here you're asserting is a legal error, not an error to consider evidence. The legal error is that the court invoked issue exhaustion here from her asserting. But I thought, okay, there's a bunch of different legal errors. But I thought the legal error you asserted to the Veterans Court was they failed in their duty to tell her what evidence she needed to submit. Which is an evidentiary question, which falls on that line of Scott. No, I mean, but that's a legal burden they have. And you're saying they violated the law by doing that. I mean, do you not see a distinction between this case and Bozeman? I mean, I don't want you to get into it too much, but it seems like there, the legal argument about the effective date was preserved all along. And the only thing that was added, or at least allegedly added as new things, was citation of a different piece of evidence. But here, it's not citation of different evidence. I mean, in fact, everybody knew what the evidence needed was. It was the DD-214. You're arguing on the first time that the veterans made a different legal error than the legal errors you identified on the first time around. I think I'm getting to your Honor's distinction. It's just that's not the way this practically, in my opinion, worked out. Because it's not a whole new legal theory. Because the board always had these duties. Once the case was vacated at the court, and the joint motion for remand did that. I understand that, but you never said until the second time on appeal that you never precisely identified the legal error the way you did on the second time appeal until then, though. I'm sorry, that's very inarticulate, but I think you know what I'm saying. There's a factual situation, and you argued error in the board's decision and got a remand for various reasons. Then on the appeal, second appeal, for the first time, you said that that RO decision contained some other legal error that you had never identified before. For the first time to the veterans court, that time around, and that's what I think is confusing about this case, is that the way that the veterans court looked at it, and the way VA is looking at it, is this was, whoa, whoa, whoa, you just brought this up now, but that's really not the way to look at it in this context, because there was a vacator. Then you get a fresh new board decision in this context. It's fresh, and the Board of Veterans' Appeals has to comply under 7104A with all of its legal obligations. This isn't something like in Scott, where the veteran had to articulate that he wanted a hearing. That was in Scott. The veteran doesn't have to do anything here. The board has to comply with its regulatory and statutory duties. It's not really a new legal order. I wanted to issue preclusion rules to instances where the veteran specifically has to take an affirmative step to do something, as opposed to where VA's failure to do something might be a legal error. I think that's what the case law would support. Okay. If there are no further questions, I deserve to balance my time. Thank you, Your Honors. We will save it for you, Mr. Stoltz. Welcome back, Mr. Hoffman. May it please the Court? Well, I think this case is actually on all fours with Scott, the Court's recent decision subsequent to our briefing. Could you address the distinction I think your friend just made? Because I think it's an interesting one. I mean, this one to me seems to fall on the other line, that they are raising a legal issue for the first time on appeal. Or a procedural issue, as Scott framed it. And, therefore, falls within the classic definition of issue preclusion that we've approved. But your friend does make an interesting point, that when a board decision is vacated, then you're starting all over, essentially. Doesn't the VA have an obligation to do all these things? The only thing that should be precluded is when the veteran fails to take an affirmative step that he or she is required to do. First of all, I don't think that I read the decision as being vacated here. I read the decision as having finally decided lack of evidence to support the combat status. And that the remand was not... And when you read the JMR, it recognizes itself that DD-214 is missing and nobody has it. So that the remand is actually... Well, there was a reasons and basis error because the board doesn't explain what other evidence, other than the DD-214, might have been available to support a finding of combat status. So I don't believe that the remand in this case, because, as I recall, the order says remand in accordance with the JMR. I don't think they even use the word vacator in that order. So, hypothetically, though, it does raise a different question. If you can eliminate entirely the earlier round, are we back to square one? And I think that there's got to be some kind of reasonableness tool that's used by the veterans court in reviewing for error what the board did the second time, where the situation like this case, say, this case has the order with the vacator and the start over presumption. But you have 12 years of correspondence between the parties in which both sides say neither one of them has the DD-214. And even at the very hearing... I mean, this is another case like the last one where it seems like it would have been far easier and not subject to attack on appeal if the veterans court would have just said... This issue's been exhausted. Yes, the fact that the DD-214 was necessary was known to everybody throughout this case. And the argument that the VA failed to tell her that is, at best, harmless. Well, yeah, especially considering the very board... The board wouldn't be here reviewing that. I mean, well, I've already said in the papers about the very board hearing and the interplay between the judges' demonstrations. But can I ask you that distinction that your friend's making? I'm just wondering if there's any legal reason that we would make that distinction in terms of applying an issue preclusion rule. Assuming that we continue to agree that one has one, and I think we have to because that's what Scott says, why would we... Is there a legal basis for distinguishing between legal arguments that the veterans failed to do something that he or she affirmatively had to do versus the VA's obligations? Even within the confines of legal... I don't see any. I'm sure that your friend will tell me other reasons on appeal, but it seems to me that the whole point of issue preclusion is to prohibit people generally with some discretion from raising new issues on a second appeal that nobody has ever brought up before. And so putting my claimant hat on here, which will be shocking to many people, it seems like the first concern is from these cases, and I'm going back to Carter as well, are we, in joining with the Secretary on these joint remands, precluding ourselves from raising certain issues? I think the answer to that is not necessarily no, because two reasons. A, obviously, in Bozeman and Carter, you had your JMR, which said whatever happens, it's wide open. Plus, you have the existing precedent from the Veterans Court, which says the same thing, notwithstanding what the JMR might say. In this case, despite the limited JMR, if Mrs. Dickens had said to the board on remand, there was error in the RO decision because they never informed me, as they were required to do, that I had to supply it rather than them get it, that would have been proper for the Veterans Court to consider, and they shouldn't have used issue preclusion if she had raised it at the board. I think they probably would have held differently, because had she raised the issue as weak of an issue as it is, the board should have said something in response to it. Had she done so and not said anything, the Veterans Court might have simply said, no, they erred, but it was harmless given the record. I do think that would have provided a basis for the Veterans Court to say something about the failure of the board to do it. Here, obviously, she had the opportunity to do so and didn't take advantage of it. We think this one's all for on Scott, because however you slice it, it did not involve a failure to recognize that he had requested a hearing, which the court turned procedural, which effectively I don't see a difference between challenging the denial of a request to have a hearing and something about the hearing that actually took place. They're still procedural questions that may or may not lead to something. But in this case, obviously, we don't think there was any error at all with respect to the hearing judge or anything he did during the hearing. One thing to pick up on, looking at what it says in the joint motion for remand, it says the parties respectfully move the court to partially vacate the March 26, 2012 board decision to the extent it denied entitlement to benefits for PTSD for accrued benefits. Does that make any difference? In my mind, what they're saying is, in response to my answer about what the court did, no. I don't think when you send it back, I think that gets to the same problem you have with respect to issue preclusion, is this really is an issue. This is a challenge that hadn't been raised before. I think it's subject to the same analysis that the court performed in Scott. You're saying even if this is a vacatur in part, you're in the context of a case that's been ongoing. Yeah, what they're trying to do here is to undo the decision that found that he hadn't established his combat status. That's the aspect of the decision that's being challenged. Frankly, if you really want to parse the history of the case, one could argue that the existence or whoever had the DD-214 wasn't even at issue anywhere. The original board hearing was really all about, they all agree, the parties all agree throughout, that the DD-214, nobody has. The question has always been, what can we find in lieu of the missing DD-214? That's what the board dealt with the first time to the dissatisfaction of the claimant, which the secretary conceded probably could have been better analyzed. That was what the remand was about. Then after that, and despite the fact that this procedural challenge could have been raised... Somehow the DD-214 miraculously resurfaces. Is she barred from revisiting her claim? No. In fact, if anybody were to find the DD-214, because it's a government document, I think she probably has arguments about effective dates that go back under the 3.156C to the original claim. The problem here is, I think a lot of the concern stems from the fact that at all stages people describe the missing DD-214 as presumed destroyed by the 1973 National Personal Records Center. I think it's clear that it was. It's just people's way of describing it, because it's missing. They couldn't find it. The personnel people don't have it. That's how they describe the effects of the 1973 fire. I'm totally speculating here about why the issue is still hanging around. The bottom line is, Ms. Dickens told the board judge at the very hearing that she didn't have it, and followed up the next day with a letter saying, if you have it, send it to me. There can't be any error here. Are there any further questions? Thank you, Mr. Hawking. Mr. Stoltz has four minutes of rebuttal if he needs it. Your Honors, looking at the language of the joint motion for partial remand may help, and I'm hoping to help answer Judge Hughes' concerns here, and talk about how this fits. I guess we both think Scott helps us, but I think this fits in the evidentiary side of Scott. The reason I say that is because there is a vacator here, and it partially vacates the board decision to the extent it denied entitlement to benefits for PTSD for accrued benefits purposes. It specifically said we're not pursuing, the appellant is not pursuing benefits on the bilateral shoulder wounds. That's gone. The bilateral shoulder wounds has been dispensed with. The entire issue of entitlement for benefits... This is all about the DD-214, right? If nobody has it, then what difference does it make whether the VA specifically told her she had to supply it, or they'd supply it? Because nobody has it. It may not ultimately make a difference, but that's not what the Veterans Court said. The Veterans Court said that the Board of Veterans' Appeals was excused from its duties. I do think that it's important to talk about the fact... The record is... I'm not going to dispute how my friend reads the record, but the record is really... We thought you had it. Ms. Dickens and Mr. Dickens both told VA, we thought you guys had it. We took it to you once before. This is all factual, but it does appear that it burned up in the fire. The facts are really not in dispute in this case. That makes the Board's duties all the more real here. If the Board of Veterans' Appeals had said, have you checked the Brooklyn VAMC? Have you gone and maybe found other ways to recreate the DD-214 by government records? I realize this is an accrued benefits context, but by government records. Giving her the heads up of where the Board of Veterans' Appeals was going here is their duty. To try to put the cart before the horse and have counsel or an unrepresented person try to foresee every reason that the Board is going to use and list all those reasons in a joint motion for partial remand or a joint motion for remand is not realistic in this system. Again, I respect and understand all of the factual problems in this case and some of the things about this DD-214. That's not what the Veterans' Court did, though. The Veterans' Court had a one to two sentence statement and cited to the Carter case, which this court has already overruled in part and which we're asking for today to overrule the broad language in there saying that these things have to be specifically pleaded. There is no specific pleading requirement when the Department of Veterans' Affairs has the duty to suggest evidence, gather evidence, or something like that. What was vacated here was accrued benefits pursuant to PTSD. That was all vacated. Now the Board of Veterans' Appeals has to adjudicate again while following all of the relevant law under 7104A. It didn't do that here because it didn't comply with its legal duty under 3.103. It even said that in its decision and for some reason said that Ms. Dickens had to affirmatively plead that. That's not her burden. It's the Department of Veterans' Affairs. Respectfully ask the court to reverse the lower court. Thank you, Mr. Stokes. Thank you, Your Honor. The case is under revise, Mr. Stokes. All rise. The Honorable Court is adjourned until tomorrow morning. It's at o'clock a.m.